UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MONICA S. BAKER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   CAUSE NO. 1:24-cv-00081-SLC |
| | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** *sued as Martin O'Malley,* | ) |
| | ) |
|    **Defendant.** | ) |

## OPINION AND ORDER

Plaintiff Monica S. Baker appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying her application under the Social Security Act (the "Act") for Supplemental Security Income ("SSI"). (ECF 1).[1] For the following reasons, the Commissioner's decision will be AFFIRMED.

## I. FACTUAL AND PROCEDURAL HISTORY

Baker applied for SSI in February 2021, alleging disability as of November 15, 2018. (ECF 10 Administrative Record ("AR") 23, 282- 90).[2] Baker's claim was denied initially and upon reconsideration. (AR 121-22, 137). On February 17, 2023, administrative law judge ("ALJ") William Pierson conducted an administrative hearing at which Baker, who was represented at the hearing by Tara Budd of Forbes Disability Group, LLC (AR 212-15), and a vocational expert ("VE") testified. (AR 57-110). On April 14, 2023, the ALJ rendered an unfavorable decision to Baker, concluding that Baker was not disabled because she could perform a significant number

---

[1] The parties have consented to the exercise of jurisdiction by a Magistrate Judge. (ECF 11, 13).

[2] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

of unskilled, light-exertional jobs in the national economy despite the limitations caused by her impairments. (AR 23-49). The Appeals Council denied Baker's request for review (AR 7-12), at which point the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

On February 20, 2024, Baker filed a complaint in this Court appealing the Commissioner's final decision. (ECF 1). In her opening brief, Baker advances a single argument: that the ALJ committed reversible error at step five of the sequential analysis by failing to resolve an apparent conflict between the Dictionary of Occupational Titles (DOT) and the VE's testimony at the hearing. (ECF 16 at 10). Baker requests that the case be remanded to the Commissioner on this basis so that a new hearing can be held. (*Id.* at 16).

On the date of the ALJ's decision, Baker was forty-nine years old (AR 282); had a high school degree and attended one year of college (AR 62); and had past relevant work in a composite job as a swatch clerk and a general supervisor (AR 100; *see also* AR 339 (describing her past work as "factory worker" from 1987 to 2011)). When applying for SSI, Baker alleged disability due to a stroke, "[b]rain [b]leed," and "[f]oot condition[.]" (AR 330).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)

(citation and quotation marks omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking SSI must establish that the claimant is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence: (1) whether the claimant is currently

unemployed in substantial gainful activity, (2) whether she has a severe impairment, (3) whether her impairment is one that the Commissioner considers conclusively disabling, (4) whether she is incapable of performing her past relevant work, and (5) whether she is incapable of performing any work in the national economy. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *see* 20 C.F.R. § 416.920.[3] "[A]n affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001) (citation omitted). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.* (citation omitted). The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Id.*; *see also Clifford*, 227 F.3d at 868.

### B. The Commissioner's Final Decision

In the Commissioner's final decision, the ALJ found at step one of the five-step sequential analysis that while Baker had worked after her application date of February 6, 2021, such work did not rise to the level of substantial gainful activity. (AR 27). At step two, the ALJ found that Baker had the following severe impairments: residuals of right ankle/foot surgeries, headaches/migraines, residuals of head injury, obesity, major depressive disorder, post traumatic stress disorder, generalized anxiety disorder, cannabis use disorder, and amphetamine use disorder. (*Id.*). The ALJ further concluded that Baker's hypertension, chronic kidney disease, left shoulder spasms, and ovarian cysts were non-severe impairments. (*Id.*). At step three, the ALJ concluded that Baker did not have an impairment or combination of impairments severe enough

---

[3] Before performing steps four and five, the ALJ must determine the claimant's residual functional capacity ("RFC") or what tasks the claimant can do despite her limitations. *See* 20 C.F.R §§ 416.920(e), 416.945(a). The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of performing. *Id.* § 416.920(e).

to meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 28).

The ALJ assigned Baker the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to lifting, carrying, pushing and pulling ten pounds frequently and twenty pounds occasionally. The claimant can sit at least six hours in an eight hour work day and stand and/or walk six hours in an eight hour work day. The claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can frequently bend and stoop. The claimant can occasionally use ramps and stairs. The claimant should avoid working upon wet and slippery surfaces. The claimant can perform the balance required of such activities. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast moving exposed blades. The claimant should avoid work within close proximity to very loud noises (level 5) such as a fire alarm or very bright flashing lights such as a strobe, more than occasionally. Work should not involve more than very basic reading such as short lists, exit signs, addresses, etc. She should not work with numbers such as with time keeping, change, cash register, etc. The claimant can perform non complex, but certainly simple, routine and repetitive tasks, with brief but frequent interactions with coworkers, supervisors, and the public, in which prolonged and intense conversation is not needed for task completion. The claimant can respond or adapt to the changes, cope with the stress and engage in the decision making required of such tasks. With such limitations in place, the claimant can maintain the concentration, persistence, adaptation and even the pace required of such tasks for two-hour increments, and for eight hour work days–within the confines of normal work place breaks and lunches–on a sustained day to day basis.

(AR 34). The ALJ determined at step four that given the foregoing RFC, Baker could not perform her past relevant work. (AR 47). However, at step five the ALJ found that a hypothetical individual of Baker's age, education, experience, and RFC could perform a significant number of unskilled, light-exertional jobs in the national economy, including housekeeping cleaner, agriculture produce sorter, and power screwdriver operator. (AR 48). Accordingly, Baker's application for SSI was denied. (AR 49).

5

### C. The ALJ's Step-Five Finding

Baker argues that the ALJ erred at step-five of the five-step sequential process. Specifically, Baker asserts that the VE cited a job which the DOT identifies is beyond Baker's RFC, and the ALJ failed to solicit a reasonable explanation from the VE for this apparent conflict. (ECF 16 at 10). Baker contends a remand of the ALJ's decision is necessary to remedy this error. (*Id.* at 15). The Commissioner, however, contends that even if the ALJ did err, the error did not affect the outcome of the ALJ's decision and thus a remand would be pointless. (ECF 19 at 3-6).

"Under [Social Security Ruling (SSR)] 00-4p, an ALJ has an affirmative responsibility to ask whether a [VE's] evidence conflicts with the information provided in the DOT before relying on that evidence to support a determination of nondisability." *Overman v. Astrue*, 546 F.3d 456, 462-63 (7th Cir. 2008) (citations and internal quotation marks omitted). "If evidence from a VE appears to conflict with the DOT, SSR 00-4p requires further inquiry: an ALJ must obtain a reasonable explanation for the apparent conflict." *Id.* at 463 (citation and internal quotation marks omitted). The ALJ "must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "Moreover, the ALJ must explain in the determination or decision how he or she resolved the conflict . . . ." *Roxanne R. v. Berryhill*, No. 18 C 5484, 2019 WL 2502033, at *3 (N.D. Ill. June 17, 2019) (citation and internal quotation marks omitted). "[B]ecause SSR 00-4p imposes an affirmative duty on the ALJ to inquire into and resolve apparent conflicts, a claimant's failure to raise a possible violation of SSR 00-4p at the administrative level does not forfeit the right to argue later that a violation occurred." *Overman*, 546 F.3d at 463 (citation and emphasis omitted).

Here, at the outset of the VE's hearing testimony, the ALJ instructed the VE that if the VE provided any information that could conflict with the DOT, the VE was to advise the ALJ "of that conflict and the basis for [the VE's] opinion." (AR 99-100). The VE testified that a hypothetical individual of Baker's age, education, experience, and RFC could perform the representative jobs of housekeeping cleaner (DOT # 323.687-014), with 177,000 jobs nationally; agricultural produce sorter (DOT # 529.687-186), with 5,000 jobs nationally; and power screwdriver operator (DOT # 699.685-026), with 235,000 jobs nationally. (AR 48, 103-04). In his decision, the ALJ "accept[ed]" the VE's analysis, stating it "was consistent with the [DOT]" and that the jobs cited by the VE "constituted a significant number of jobs existing in the economy." (AR 48). Consequently, the ALJ concluded that Baker was not disabled. (AR 49).

Baker now argues that the VE's testimony that a hypothetical individual of Baker's age, education, experience, and RFC could perform the power screwdriver operator "presents a direct and apparent conflict with the DOT." (ECF 16 at 11). Baker asserts that according to the DOT's companion volume, the Selected Characteristics of Occupations (SCO), the job of power screwdriver operator requires occasional "[e]xposure to possible bodily injury from moving mechanical parts of equipment, tools, or machinery." *Id.* (citing Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles 278, D–2 (1993)).[4] Yet, the ALJ assigned an RFC to Baker that precludes "work within close proximity to . . . open and dangerous machinery such as . . . fast moving exposed blades." (AR

---

[4] "The Social Security Administration 'rel[ies] primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy.'" *Wiley v. Saul*, No. 18-cv-835-wmc, 2019 WL 6799426, at *4 (W.D. Wis. Dec. 13, 2019) (alteration in original) (quoting SSR 00-4p, 2000 WL 1898704, at *2); *see also Roxanne R*, 2019 WL 2502033, at *6 (referring to the SCO as "a companion volume to the DOT").

7

34). As such, Baker contends that the VE's testimony that a hypothetic individual of Baker's age, education, experience, and RFC could perform the job of power screwdriver operator constitutes an apparent conflict with the DOT that the ALJ failed to address, necessitating a remand of the ALJ's decision. (ECF 16 at 11).

The Commissioner, in response, does not directly contest Baker's assertion that the ALJ overlooked an apparent conflict between the assigned RFC and the requirements of the power screwdriver operator job. (*See* ECF 19 at 2-6). Rather, the Commissioner emphasizes that Baker challenges the ALJ's reliance on just *one* of the three representative jobs identified by the VE. (*Id.* at 3). The VE also testified that a hypothetical individual of Baker's age, education, experience, and RFC could perform the jobs of housekeeper, with 177,000 jobs nationally, and agricultural produce sorter, with 5,000 jobs nationally. (*Id.* at 3; *see* AR 103). Thus, as the Commissioner observes, "it is uncontested that there are 183,000 jobs nationally that [Baker] can perform." (ECF 19 at 3 (citing AR 103-04)). The Commissioner further argues that 183,000 jobs is a "comfortably significant" number of jobs that still satisfies the Commissioner's step-five burden. (*Id.* at 6).

Baker raises two arguments in reply: (1) that the inability of the VE to recognize the apparent conflict undermines the VE's credibility, rendering the VE's entire testimony unreliable (ECF 20 at 2); and (2) that because the ALJ did not make an explicit finding of fact in his decision that 183,000 jobs is a significant number, the VE's oversight is not mere harmless error (*id.* at 5-6).[5] *See generally Schomas v. Colvin*, 732 F.3d 702, 707-08 (7th Cir. 2013) ("[W]e will

---

[5] The correct summation of 177,000 housekeeper jobs and 5,000 agricultural produce sorter jobs is 182,000 total jobs. However, the difference between 182,000 and 183,000 jobs is irrelevant as it pertains to the Commissioner's argument.

not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same." (collecting cases)). Baker contends that the Court cannot predict the outcome on remand because "the ALJ is granted discretion to determine what constitutes a 'significant' number of jobs on a case-by-case basis." (ECF 20 at 6 (quoting *Milhem v. Kijakazi*, 52 F.4th 688, 694 (7th Cir. 2022))).

Having considered the parties' competing arguments, the Court finds the Commissioner's position persuasive. "No principle of administrative law or common sense requires [the Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (collecting cases). Contrary to Baker's assertion, the VE's purported oversight about the power screwdriver operator job requirements does not render the rest of the VE's testimony unreliable. *See Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *3 (7th Cir. 2021) ("True, there is insufficient support for the ALJ's conclusion that Mitchell could work as a furniture rental clerk despite her inability to crouch because it was based on erroneous testimony inconsistent with the [DOT] that the ALJ did not clarify. But one mistake in the expert's testimony does not require the ALJ to reject all of it." (citation omitted)). Indeed, Baker never challenged the VE's experience, knowledge, or methodology at the hearing (AR at 100, 107-09); nor has Baker provided any contrary evidence. *See Mitchell,* 2021 WL 3086194, at *3. Therefore, the ALJ was entitled to rely on the VE's opinion about the jobs of housekeeper and agricultural produce sorter. *See id.* (finding substantial evidence to support the ALJ's conclusion at step-five based on the remaining two jobs identified by the VE).

Furthermore, there is no reason to believe that the outcome on remand would lead to a

different result. There is ample case law in this Circuit concluding that much less than 182,000 jobs is a "significant" number of jobs at step five. *See, e.g.*, *Milhem*, 52 F.4th at 692 (finding 89,000 jobs a significant number); *Kuhn v. Kijakazi*, No. 22-1389, 2022 WL 17546947, at *3 (7th Cir. Dec. 9, 2022) (same); *Mitchell*, 2021 WL 3086194, at *3 ("Leaving aside the position of furniture rental clerk, the ALJ still found that enough jobs—30,000—are available to Mitchell to allow her to work." (citation omitted)); *Collins v. Berryhill*, 743 F. App'x 21, 25 (7th Cir. 2018) (finding 55,000 jobs a significant number); *VanAuken v. Comm'r of Soc. Sec.*, No. 1:21-CV-00268-SLC, 2023 WL 683205, at *5 (N.D. Ind. Mar, 8. 20220 (finding 35,800 jobs a significant number), *aff'd*, *VanAuken v. Kijakazi*, No. 22-1824, 2023 WL 3335532 (7th Cir. Mar. 16, 2023) (noting that the appellee conceded the Seventh Circuit's recent decision in *Milhem* controlled). Given this precedent, the Court has no doubt that the error here was harmless and that the ALJ on remand would reach the same outcome, making a remand of this case purposeless. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021) ("[I]f the error leaves us convinced that the ALJ would reach the same result on remand, then the error is harmless and a remand is not required." (citation omitted)).[6]

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED. The Clerk is

---

[6] Baker also asserts that the Commissioner's argument that 183,000 is a significant number of jobs violates the *Chenery* doctrine. (ECF 20 at 7); *see Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on the grounds that the agency itself did not embrace." (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010))). But Baker's assertion is a nonstarter, as harmless error is an exception to the *Chenery* doctrine. *See Parker*, 597 F.3d at 924); *see also Oechsner v. Kijakazi*, No. 23-C-56, 2023 WL 5487113, at *12 (E.D. Wis. Aug. 24, 2023) (collecting cases).

DIRECTED to enter a judgment in favor of the Commissioner and against Baker.

SO ORDERED.

Entered this 23rd day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge